ESTATE OF MARTHA M. TREMAINE, (THE CLEVELAND TRUST COMPANY, EXECUTOR OF THE ESTATE OF MARTHA M. TREMAINE, DECEASED), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9677. Promulgated February 10, 1949.

*David A. Gaskill, Esq.,* and *Earl P. Schneider, Esq.,* for the petitioner.

*L. R. Bloomenthal, Esq.,* for the respondent.

174

## OPINION.

HARLAN, *Judge*: Both parties herein agree that by operation of law of the State of Ohio the corpus of the Tremaine trust would, in the event of the death of all of the trust beneficiaries and their surviving issue before the death of the settlor, revert to the settlor. Petitioner also concedes that all transfers or additions to the trust corpus made after June 2, 1924, the effective date of the Revenue Act of 1924, are includible in the Tremaine gross estate for estate tax purposes for the reason that in that year Congress amended the estate tax statute so as to require the taxation of assets of the trust where the grantor reserved the power to alter or revoke, with or without the consent of anyone else. Since the trust instrument herein, at the date of the death of Martha M. Tremaine, contained the power to alter or revoke with the consent of her husband, the petitioner concedes that all transfers after June 2, 1924, are subject to the estate tax.

The only question remaining for the determination of this Court is as to whether or not, by virtue of the provisions of section 811 (c) of the Internal Revenue Code, property of the trust corpus, having a

value at decedent's death of $181,304.31, which was transferred by the decedent to the trust before June 2, 1924, shall be included in the gross estate of the decedent.

The Commissioner relies heavily on *Commissioner* v. *Spiegel*, 159 Fed. (2d) 257. In that case the Seventh Circuit decided that, where a reversionary interest remains in the settlor of a trust, even though the monetary value of the interest is small, the corpus of the trust is includible in the gross estate of the settlor upon his decease. That decision was taken to the Supreme Court of the United States and was affirmed by that Court on January 17, 1949, *Estate of Spiegel* v. *Commissioner*, 335 U. S. 701. The Court succinctly set forth the facts in the *Spiegel* case as follows:

In 1920 Sidney M. Spiegel, a resident of Illinois, made a transfer by trust of certain stocks to himself and another. He died in 1940. During his life the trust income was to be divided among his three children; if they died not surviving him, to any of their surviving children. On his death the trust provided that the corpus was to be distributed in the same manner. But no provision was made for distribution of the corpus and its accumulated income should Mr. Spiegel survive all of his children and grandchildren. For this reason the Government has contended that under controlling state law the property would have reverted to Mr. Spiegel had he survived his designated beneficiaries.

The only material difference between the facts in that case and those in the case at bar is that in the case at bar the decedent was a resident of Ohio, whereas in the *Spiegel* case the decedent was a resident of Illinois. This factual distinction would be relevant only to the question of the reversion of the corpus of the trust in the event of the failure of the beneficiaries or their issue to survive the settlor. The Supreme Court, in the *Spiegel* case, accepted the Circuit Court's conclusion that under the law of Illinois such reversion would occur, and the parties herein, in their briefs, concede that such is the law of Ohio. Moreover, the petitioner, on brief, concedes that the Supreme Court decision in the *Spiegel* case will be controlling of the issue in this proceeding.

On the authority of *Estate of Spiegel* v. *Commissioner, supra,* and the companion case of *Commissioner* v. *Estate of Church*, 335 U. S. 632, both of which were decided by the Supreme Court on January 17, 1949, we hold that the value of the entire trust corpus on the date of decedent's death is includible in her gross estate for estate tax purposes. Inasmuch, however, as certain computations by stipulation are necessary for a final settlement of the other issues involved in this case,

*Decision will be entered under Rule 50.*

Reviewed by the Court.